IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

PATRICK GEOGHEGAN,

        Plaintiff,

    v.

CAITLYN LILLY, CHRIS WESTFALL,
and PAM MITCHELL,

        Defendants.

Case No. 6:25-cv-00597-MC

OPINION AND ORDER

MCSHANE, Judge:

Self-represented Plaintiff Patrick Geoghegan brings various claims under 42 U.S.C. § 1983 against Defendants Caitlyn Lilly, Chris Westfall, and Pam Mitchell. First Am. Compl. 3, ECF No. 18 ("FAC"). Before the Court is Defendants' Motion to Dismiss for failure to state a claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defs.' Mot. Dismiss, ECF No. 24 ("Defs.' Mot.").

Because *Rooker-Feldman* and *Younger* abstention prohibit this Court's involvement in Plaintiff's claims, Defendant's Motion, ECF No. 24, is **GRANTED.**

### STATEMENT OF ALLEGED FACTS[1]

Plaintiff was a party to proceedings in Benton County Circuit Court relating to a divorce and attendant custodial matters regarding his minor children. *See* FAC §§ III.A, IV. During those

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiff's allegations as true, construing them in the light most favorable to him. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000) (citation omitted).

proceedings, Defendant Lilly was a judicial assistant for the presiding judge; Defendant Westfall was a Benton County Trial Court Administrator; and Defendant Mitchell was an Operations and Policy Analyst for the Oregon Justice Department/Oregon Department of Administrative Services. *Id.* at §§ I.B, III.C ¶¶ 1, 8, 10. Plaintiff filed this action under 42 U.S.C. § 1983 to allege Fourteenth Amendment due process and equal protection violations that occurred throughout the state court actions. *Id.* at § II.

In October of 2023, Plaintiff appeared at a hearing in the Circuit Court. Despite Defendant Lilly's representation in an email that an interpreter would be provided for the Plaintiff, an interpreter did not appear. FAC § III.C ¶¶ 1–2; *id.* at Ex. E, at 5–6. Plaintiff separately emailed Defendants Lilly and Westfall, notifying them that there was no interpreter at the hearing. *Id.* at § III.C ¶ 2; *id.* at Ex. E, at 6. Defendant Westfall acknowledged Plaintiff's complaint, told Plaintiff that he would investigate the matter, and allegedly never followed up. *Id.* at § III.C ¶ 2; *id.* at Ex. E, at 7.

Later in December, Plaintiff appeared for a scheduled contempt hearing under an Order to Show Cause, but there was no judge or courtroom available. FAC III.C ¶ 3; *id.* at Ex. F, at 3–4. Plaintiff states that Defendant Mitchell told him that the "December 8 hearing had been mishandled by court staff." *Id.* at § III.C ¶ 8.

That same day in December, according to Plaintiff, Defendant Lilly granted opposing counsel's request for a hearing and scheduled it without a written motion. FAC § III.C ¶¶ 4–5; *id.* at Ex. F, at 2–4. Plaintiff later requested a hearing via email, without a written motion, but Defendant Lilly denied Plaintiff's request, stating that "[t]he Court will not accept an email request as a formal request for hearing." *Id.* § III.C ¶ 7; *id.* at Ex. G, at 2.

The following year, in June of 2024, Plaintiff filed a tort claim with the Oregon Department

of Administrative Services ("DAS"). FAC § III.C ¶ 9; *id.* at Ex. H, at 2. Defendant Mitchell denied Plaintiff's tort claim against the State of Oregon, its officers, agents, and employees, explaining that they had acted in accordance with relevant policies and procedures. *Id.* at Ex. H, at 2.

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to reasonably infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). The factual allegations must present more than "the mere possibility of misconduct . . . ." *Id.* at 679.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe them in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000) (citation omitted). But the court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Finally, if a court dismisses Plaintiff's complaint, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (citation omitted).

## DISCUSSION

### I. Both the *Rooker-Feldman* doctrine and *Younger* abstention preclude this Court's involvement in Plaintiff's claims

*Rooker-Feldman* poses a jurisdictional bar to Plaintiff's Complaint. *Rooker-Feldman* "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." *Carmona v. Carmona*, 603 F.3d

1041, 1050 (9th Cir. 2010) (citation omitted). The doctrine also "precludes federal adjudication of a claim that 'amounts to nothing more than an impermissible collateral attack on prior state court decisions.'" *Ignacio v. Judges of U.S. Ct. of Appeals for Ninth Cir.*, 453 F.3d 1160, 1165 (9th Cir. 2006) (citation omitted). *Rooker-Feldman's* jurisdictional bar includes claims and issues "inextricably intertwined" with the forbidden appeal of state court judgments. *Noel v. Hall*, 341 F.3d 1148, 1157 (9th Cir. 2003).

Plaintiff's claims constitute a de facto appeal of a state court action because, ultimately, Plaintiff alleges that Defendants' actions "directly affected his parental rights and standing in an active divorce proceeding." FAC § IV. Because of Defendants' alleged conduct, "Plaintiff was found in contempt of court and suffered legal penalties . . . ." *Id.* Further, "Plaintiff continues to suffer ongoing strain in his relationship with his children, as the contempt finding has influenced parenting time and the court's perception of his parental role." *Id.* By Plaintiff's own description, his Complaint attempts to circumvent a state court judgment by seeking remedies for events and outcomes that transpired in his family court proceedings. Instead, he should litigate his claims on appeal in Oregon courts. Moreover, federal courts should not interfere with domestic relations issues, including questions of child custody. *Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992). Because Plaintiff's claims amount to an impermissible collateral attack on a state court judgment involving family law issues, this Court lacks jurisdiction to hear them.

To the extent Plaintiff's family law proceedings are ongoing in state court, this Court will abstain from reviewing his claims. *Younger* abstention holds that federal courts "generally should refrain from interfering with a pending state court proceeding." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 669 n. 4 (9th Cir. 2004). *Younger* abstention applies when: (1) state judicial proceedings are ongoing; (2) those proceedings implicate important state interests; and (3) they afford Plaintiff

an opportunity to litigate federal constitutional claims. *Wiener v. Cnty. of S.D.*, 23 F.3d 263, 266 (9th Cir. 1994).

First, Plaintiff concedes that his divorce case is pending appeal in the Oregon Court of Appeals. Pl.'s Resp. in Opp'n Mot. Dismiss § F.1, ECF No. 25 ("Pl.'s Resp."). But even if the state action were terminated, "the critical question is . . . whether 'the state proceedings were underway before initiation of the federal proceedings.'" *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987) (citation omitted). Undoubtedly, they were. *See* Pl.'s Resp. Ex. J.

Next, Plaintiff's ongoing family law proceedings involve important state interests. "Family relations are a traditional area of state concern." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979)).

Finally, Plaintiff offers no reason why he cannot bring due process and equal protection claims in his appeal in state court. While Plaintiff asserts that "the appeal rightly concerns family-law issues," he concludes that it "does not and cannot encompass the federal constitutional misconduct alleged here." Pl.'s Resp. § F.1. But he does not explain why. Plaintiff falls short of his burden "to show that he was 'barred from raising [his] federal claims in the state court action.'" *Wiener*, 23 F.3d at 267 (citation omitted).

## II.     Even if this Court could adjudicate Plaintiff's allegations, quasi-judicial immunity and lack of standing bar Plaintiff's claims

Plaintiff's claims against Defendants Lilly and Westfall are subject to quasi-judicial immunity. And Plaintiff lacks standing for his claims against Defendant Mitchell because he fails to allege a concrete injury suffered by her conduct.

### A.     Quasi-judicial immunity precludes Plaintiff's claims against Defendants Lilly and Westfall

Plaintiff's claims that Defendant Lilly violated his equal protection and due process rights

by (1) failing to schedule a hearing and (2) failing to arrange for an interpreter fall within the scope of quasi-judicial immunity. FAC § III.C ¶¶ 1–2, 4–5, 7; *id.* at § II.B.

Defendant raises the defense of quasi-judicial immunity and thus bears the burden of establishing it. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432 (1993). Quasi-judicial immunity provides "a full exemption from liability." *Id*; *see also Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (citation omitted) ("[A] mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors'"). "Absolute judicial immunity is not reserved solely for judges, but extends to nonjudicial officers for 'all claims relating to the exercise of judicial functions.'" *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (citation omitted). These functions include "'*purely administrative acts*—acts which taken out of context would *appear ministerial*, but when viewed in context are actually a part of the judicial function.'" *Fort v. Washington*, 41 F.4th 1141, 1144 (9th Cir. 2022) (quoting *In re Castillo*, 297 F.3d at 952).

Defendants have met their burden of showing that quasi-judicial immunity applies. First, Defendant Lilly's alleged *failure* to schedule a hearing is part and parcel of the protected judicial function of scheduling hearings. *See Fort*, 41 F.4th at 1146 (quoting *Thompson v. Duke*, 882 F.2d 1180, 1184–85 (7th Cir. 1989) (holding that scheduling a hearing is an integral judicial function within the realm of protected activities under quasi-judicial immunity)). Likewise, the provision of information about a hearing—such as whether an interpreter will appear—is inseparable from the discretionary function of managing the court's docket. *Cf. In re Castillo*, 297 F.3d at 951 (Noticing hearings is "part of the judicial function of managing the . . . court's docket in the resolution of disputes"). Plaintiff's allegation that Defendant Lilly told Plaintiff that an interpreter would appear falls within quasi-judicial immunity's reach. FAC § III.C ¶ 1; *id.* at Ex. E, at 5.

As to Defendant Westfall, Plaintiff contends that he supervised Defendant Lilly as the Trial Court Administrator for the Benton County Circuit Court. FAC at § II.D.2. Since her actions are subject to quasi-judicial immunity, so are his. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). To the extent that Plaintiff alleges that Defendant Westfall violated his Constitutional rights by never following up on whether Defendant Lilly provided an interpreter, Plaintiff lacks standing for this claim. *See infra.*

B. **Plaintiff does not allege a concrete injury caused by Defendant Mitchell's conduct and thus lacks standing**

Plaintiff lacks standing for his claims against Defendant Mitchell. To establish standing, at an "irreducible constitutional minimum," a plaintiff must have suffered an injury in fact that is fairly traceable to the challenged conduct and redressable by a judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Plaintiffs must demonstrate standing for each claim they bring. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (citation omitted).

Plaintiff contends that Defendant Mitchell denied his tort claim through a letter that "ratified a false narrative . . . ." FAC § II.D.3. But even if this were true, Plaintiff fails to identify a cognizable injury. Plaintiff tries to clarify that "[t]he harm arises not from the denial itself, but from the process by which the denial occurred." Pl.'s Resp. § D. But what *is* the harm? Construing Plaintiff's arguments generously, the Court still cannot make out a palpable injury, let alone causation. Plaintiff cannot establish standing through a conclusory allegation that Defendant Mitchell wronged him. *See Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1006–07 (9th Cir. 2011) (holding that a conclusory allegation without further elaboration is insufficient to establish

standing). Without standing, Plaintiff's claim against Defendant Mitchell is not justiciable by this Court. Similarly, to the extent Plaintiff alleges that Defendant Westfall's own conduct—rather than his failure to supervise Defendant Lilly—gives rise to a § 1983 violation, Plaintiff does not specify a concrete, particularized injury. *See* Pl.'s Resp. § A. Plaintiff barely provides "more than an unadorned, the defendant-unlawfully-harmed-me accusation," which is still insufficient to meet pleading standards. *Iqbal*, 556 U.S. at 678 (citation omitted).

### III. Dismissal with prejudice is warranted because leave to amend Plaintiff's complaint would be futile

Should this Court grant Defendants' Motion to Dismiss, Plaintiff petitions for leave to cure deficiencies in his Complaint. Pl.'s Resp. at § G. However, since his "pleading could not possibly be cured by the allegation of other facts," leave to amend is fruitless. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). Additional facts cannot rescue Plaintiff's claims from lack of jurisdiction, abstention, quasi-judicial immunity, and standing defects.

### CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss, ECF No. 24, is **GRANTED.** Plaintiff's claims are dismissed with prejudice.

IT IS SO ORDERED.

DATED this 5th day of December 2025.

s/ Michael McShane
Michael McShane
United States District Judge